1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   STEVEN ERIC WALKER,

11              Petitioner,              No. 2:10-cv-0540 MCE DAD P

12        vs.

13   GARY SWARTHOUT,

14              Respondent.             FINDINGS & RECOMMENDATIONS

15   _____/

16              Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges the decision of the California Board

18   of Parole Hearings (hereinafter "Board") to deny him parole at his parole consideration hearing

19   held on July 23, 2009.  The matter has been fully briefed by the parties and is submitted for

20   decision.  Upon careful consideration of the record and the applicable law, the undersigned will

21   recommend that petitioner's application for habeas corpus relief be denied.

22   I.  Procedural Background

23              Petitioner is confined pursuant to a 1990 judgment of conviction entered against

24   him in the San Diego County Superior Court following his conviction on charges of attempted

25   premeditated murder and assault with a deadly weapon, with a weapons enhancement.  (Pet.

26   /////

1

1  (Doc. No. 1) at 1.)  Pursuant to that conviction, petitioner was sentenced to life with the

2  possibility of parole plus three years in state prison.  (Id.)

3  The parole consideration hearing that is placed at issue by the instant federal

4  habeas petition was held on July 23, 2009.  (Doc. No. 14-2 at 2-84.)  Petitioner appeared at and

5  participated in that hearing.  (Id.)  Following deliberations held at the conclusion of the hearing,

6  the Board panel announced their decision to deny petitioner parole for three years, as well as the

7  reasons for that decision.  (Id. at 71-84.)

8  Petitioner first challenged the Board's 2009 decision denying him parole in a

9  petition for writ of habeas corpus filed in the San Diego County Superior Court.  (Answer, Ex.

10  1.)  Therein, petitioner alleged that the Board's 2009 decision violated his right to due process

11  because it was not based on evidence that he posed a current danger to society if released from

12  prison, and that the application of California's Marsy's Law to deny him parole for three years

13  violated the Ex Post Facto Clause of the United States Constitution.  (Id.)  The San Diego County

14  Superior Court denied that petition, reasoning that sufficient evidence supported the Board's

15  decision to deny petitioner parole.  (Answer, Ex. 2.)

16  Petitioner subsequently challenged the Board's 2009 decision in a petition for writ

17  of habeas corpus filed in the California Court of Appeal for the Fourth Appellate District.

18  (Answer, Ex. 3.)  That petition was denied in a reasoned decision on the merits of petitioner's

19  claims.  (Answer, Ex. 4.)   Petitioner then filed a petition for review in the California Supreme

20  Court.  (Answer, Ex. 5.)  That petition was  summarily denied.  (Answer, Ex. 6.)

21  On March 5, 2010, petitioner filed his federal application for habeas relief in this

22  court.

23  II.  Standards of Review Applicable to Habeas Corpus Claims

24  An application for a writ of habeas corpus by a person in custody under a

25  judgment of a state court can be granted only for violations of the Constitution or laws of the

26  United States.  28 U.S.C. § 2254(a).  A federal writ is not available for alleged error in the

2

interpretation or application of state law.  See Wilson v. Corcoran, 562 U.S.___, ___, 131 S. Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the state court decision.  Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).  Nonetheless, "circuit court precedent may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably."  Stanley, 633 F.3d at 859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010)).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts.  Price v. Vincent, 538 U.S. 634, 640 (2003).  Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme

/////

/////

/////

3

1  Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.[1]

2  Lockyer v. Andrade, 538 U.S. 63, 75 (2003); Williams, 529 U.S. at 413; Chia v. Cambra, 360

3  F.3d 997, 1002 (9th Cir. 2004).  In this regard, a federal habeas court "may not issue the writ

4  simply because that court concludes in its independent judgment that the relevant state-court

5  decision applied clearly established federal law erroneously or incorrectly.  Rather, that

6  application must also be unreasonable." Williams, 529 U.S. at 412.  See also Schriro v.

7  Landrigan, 550 U.S. 465, 473 (2007); Lockyer, 538 U.S. at 75 (it is "not enough that a federal

8  habeas court, in its independent review of the legal question, is left with a 'firm conviction' that

9  the state court was 'erroneous.'").  "A state court's determination that a claim lacks merit

10  precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of

11  the state court's decision." Harrington v. Richter, 562 U.S.___, ___,131 S. Ct. 770, 786 (2011)

12  (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).  Accordingly, "[a]s a condition for

13  obtaining habeas corpus from a federal court, a state prisoner must show that the state court's

14  ruling on the claim being presented in federal court was so lacking in justification that there was

15  an error well understood and comprehended in existing law beyond any possibility for fairminded

16  disagreement." Harrington,131 S. Ct. at 786-87.

17        If the state court's decision does not meet the criteria set forth in § 2254(d), a

18  reviewing court must conduct a de novo review of a habeas petitioner's claims.  Delgadillo v.

19  Woodford, 527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th

20  Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because

21  of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by

22  considering de novo the constitutional issues raised.").

23  /////

24

25        [1]  Under § 2254(d)(2), a state court decision based on a factual determination is not to be
overturned on factual grounds unless it is "objectively unreasonable in light of the evidence

26  presented in the state court proceeding."  Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011)
(quoting Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004)).

1    The court looks to the last reasoned state court decision as the basis for the state

2    court judgment.  Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir.

3    2004).  If the last reasoned state court decision adopts or substantially incorporates the reasoning

4    from a previous state court decision, this court may consider both decisions to ascertain the

5    reasoning of the last decision.  Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en

6    banc).  "When a federal claim has been presented to a state court and the state court has denied

7    relief, it may be presumed that the state court adjudicated the claim on the merits in the absence

8    of any indication or state-law procedural principles to the contrary."  Harrington, 131 S. Ct. at

9    784-85.  This presumption may be overcome by a showing "there is reason to think some other

10   explanation for the state court's decision is more likely."  Id. at 785 (citing Ylst v. Nunnemaker,

11   501 U.S. 797, 803 (1991)).  Where the state court reaches a decision on the merits but provides

12   no reasoning to support its conclusion, a federal habeas court independently reviews the record to

13   determine whether habeas corpus relief is available under § 2254(d).  Stanley, 633 F.3d at 860;

14   Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).  "Independent review of the record is

15   not de novo review of the constitutional issue, but rather, the only method by which we can

16   determine whether a silent state court decision is objectively unreasonable."  Himes, 336 F.3d at

17   853.  Where no reasoned decision is available, the habeas petitioner still has the burden of

18   "showing there was no reasonable basis for the state court to deny relief."  Harrington, 131 S. Ct.

19   at 784.

20   When it is clear, however, that a state court has not reached the merits of a

21   petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a

22   federal habeas court must review the claim de novo.  Stanley, 633 F.3d at 860; Reynoso v.

23   Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006); Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir.

24   2003).

25   /////

26   /////

5

III.  Scope of Review Applicable to Due Process Challenges to the Denial of Parole

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law.  A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient.  Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies."  Wilkinson v. Austin,  545 U.S. 209, 221 (2005).  See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987).  The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set.  Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.").  However, a state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release will be granted" when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest.  Greenholtz, 442 U.S. at 12.  See also Allen, 482 U.S. at 376-78.

California's parole scheme gives rise to a liberty interest in parole protected by the federal Due Process Clause.  Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002); see also Swarthout v. Cooke, 562 U.S. ___ , ___, 131 S. Ct. 859, 861-62 (2011) (finding the Ninth Circuit's holding in this regard to be a reasonable application of Supreme Court authority); Pearson v. Muntz, 639 F.3d 1185, 1191 (9th Cir. 2011) ("[Swarthout v.] Cooke did not disturb our precedent that California law creates a liberty interest in parole.")  In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness.  In re Lawrence,

1    44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).

2           In Swarthout, the Supreme Court reviewed two cases in which California

3    prisoners were denied parole - in one case by the Board, and in the other by the Governor after

4    the Board had granted parole.  Swarthout, 131 S. Ct. at 860-61.  The Supreme Court noted that

5    when state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment

6    requires fair procedures, "and federal courts will review the application of those constitutionally

7    required procedures."  Id. at 862.  The Court concluded that in the parole context, however, "the

8    procedures required are minimal" and that the "Constitution does not require more" than "an

9    opportunity to be heard" and being "provided a statement of the reasons why parole was denied."

10   Id. (citing Greenholtz, 442 U.S. at 16).  The Supreme Court therefore rejected Ninth Circuit

11   decisions that went beyond these minimal procedural requirements and "reviewed the state

12   courts' decisions on the merits and concluded that they had unreasonably determined the facts in

13   light of the evidence."  Swarthout, 131 S. Ct. at 862.  In particular, the Supreme Court rejected

14   the application of the "some evidence" standard to parole decisions by the California courts as a

15   component of the federal due process standard.  Id. at 862-63.  See also Pearson, 639 F.3d at

16   1191.[2]

17   IV.  Petitioner's Claims

18         A.  Due Process

19           As noted above, petitioner seeks federal habeas relief on the grounds that the

20   Board's 2009 decision to deny him parole, and the findings upon which that denial was based,

21   were not supported by "some evidence" that he posed a current danger to society if released from

22

23         [2]  In its per curiam opinion the Supreme Court did not acknowledge that for twenty-four
24   years the Ninth Circuit had consistently held that in order to comport with due process a state
     parole board's decision to deny parole had to be supported by "some evidence," as defined in
25   Superintendent v. Hill, 472 U.S. 445 (1985), that bore some indicia of reliability.  See Jancsek v.
     Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); McQuillion v. Duncan, 306 F.3d
26   895, 904 (9th Cir. 2002) ("In Jancsek . . . we held that the process that is due in the parole
     rescission setting is the same as the Supreme Court outlined in Superintendent v. Hill . . . .")

1   prison as required under California law.  However, under the Supreme Court's decision in

2   Swarthout this court may not review whether California's "some evidence" standard was

3   correctly applied in petitioner's case.  131 S. Ct. at 862-63; see also Miller v. Oregon Bd. of

4   Parole and Post-Prison Supervision, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court

5   held in [Swarthout v.] Cooke that in the context of parole eligibility decisions the due process

6   right is *procedural*, and entitles a prisoner to nothing more than a fair hearing and a statement of

7   reasons for a parole board's decision[.]"); Roberts v. Hartley, 640 F.3d 1042, 1045-46 (9th Cir.

8   2011) (under the decision in Swarthout, California's parole scheme creates no substantive due

9   process rights and any procedural due process requirement is met as long as the state provides an

10  inmate seeking parole with an opportunity to be heard and a statement of the reasons why parole

11  was denied); Pearson, 639 F.3d at 1191 ("While the Court did not define the minimum process

12  required by the Due Process Clause for denial parole under the California system, it made clear

13  that the Clause's requirements were satisfied where the inmates 'were allowed to speak at their

14  parole hearings and to contest the evidence against them, were afforded access to their records in

15  advance, and were notified as to the reasons why parole was denied.'")

16        The federal habeas petition pending before the court in this case reflects that

17  petitioner was represented by counsel at his 2009 parole suitability hearing.  (Doc. No. 14-2 at 5.)

18  The record also establishes that at that hearing petitioner was given the opportunity to be heard

19  and received a statement of the reasons why parole was denied by the Board panel.  (Id. at 5-70.)

20  That is all the process that was due petitioner under the Constitution.  Swarthout, 131 S. Ct. 862;

21  see also Miller, 642 F.3d at 716; Roberts, 640 F.3d at 1045-46; Pearson, 639 F.3d at 1191.  It

22  now plainly appears that petitioner is not entitled to relief with respect to his due process claims.

23  Accordingly, the pending petition should be denied.

24        B.  Ex Post Facto Violation

25        Petitioner's next claim for relief is that application of the provisions of California

26  Proposition 9, also known as Marsy's Law, at his 2009 parole hearing violated the Ex Post Facto

Clause of the United States Constitution because it increased the deferral period for his next parole suitability hearing and resulted in his serving a longer prison sentence.  (Pet. at 6.)

Petitioner was convicted and sentenced to twenty-seven years to life in prison with the possibility of parole in 1990, eighteen years prior to the passage of Marsy's Law in November 2008.  Marsy's Law amended California law governing parole deferral periods.  <u>See</u> <u>Gilman v. Davis</u>, 690 F. Supp.2d 1105, 1109–13 (E.D. Cal. 2010) (granting plaintiffs' motion for a preliminary injunction enjoining enforcement of Marsy's Law, to the extent it amended former California Penal Code § 3041.5(b)(2)(A)), <u>rev'd sub nom.</u> <u>Gilman v. Schwarzenegger</u>, 638 F.3d 1101 (9th Cir. 2011).  Prior to the enactment of Marsy's Law, the Board deferred subsequent parole suitability hearings with respect to indeterminately-sentenced inmates for one year unless the Board determined it was unreasonable to expect that parole could be granted the following year.  If that determination was made, the Board could then defer the inmate's subsequent parole

The Constitution provides that "No State shall . . . pass any . . . ex post facto Law."  U.S. Const. art. I, § 10.  A law violates the Ex Post Facto Clause of the United States Constitution if it:  (1) punishes as criminal an act that was not criminal when it was committed; (2) makes a crime's punishment greater than when the crime was committed; or (3) deprives a person of a defense available at the time the crime was committed.  <u>Collins v. Youngblood</u>, 497 U.S. 37, 52 (1990).  The Ex Post Facto Clause "is aimed at laws that retroactively alter the definition of crimes or increase the punishment for criminal acts."  <u>Himes v. Thompson</u>, 336 F.3d 848, 854 (9th Cir. 2003) (quoting <u>Souch v. Schaivo</u>, 289 F.3d 616, 620 (9th Cir. 2002)).  <u>See</u> <u>also</u> <u>Cal. Dep't of Corr. v. Morales</u>, 514 U.S. 499, 504 (1995).  The Ex Post Facto Clause is also violated if:  (1) state regulations have been applied retroactively; and (2) the new regulations have created a "sufficient risk" of increasing the punishment attached to the crimes.  <u>Himes</u>, 336 F.3d at 854.  The retroactive application of a change in state parole procedures violates ex post facto only if there exists a "significant risk" that such application will increase the punishment for the crime.  <u>See</u> <u>Garner v. Jones</u>, 529 U.S. 244, 259 (2000).

9

1   suitability hearing for up to five years.  <u>See</u> Cal. Pen. Code § 3041.5(b)(2) (2008).  Marsy's Law,

2   which applied to petitioner at the time of his 2009 parole suitability hearing, amended §

3   3041.5(b)(2) to impose a minimum deferral period for subsequent parole suitability hearings of

4   three years, and to authorize the Board's deferral of a subsequent parole hearing for up to seven,

5   ten, or fifteen years.  <u>Id.</u> § 3041.5(b)(3) (2010).

6          One of the claims presented by the plaintiffs in the class action <u>Gilman</u> case is that

7   the amendments to § 3041.5(b)(2) regarding parole deferral periods imposed under Marsy's Law

8   violates the Ex Post Facto Clause because "when applied retroactively, [they] create a significant

9   risk of increasing the measure of punishment attached to the original crime."  (<u>Gilman</u>, Doc. No.

10  154–1 at 13 (Fourth Amended/Supplemental Complaint), Doc. No. 183 (Mar. 4, 2009 Order

11  granting plaintiffs' motion for leave to file a Fourth Amended/Supplemental Complaint.))  With

12  respect to this Ex Post Facto claim, the class in <u>Gilman</u> is comprised of "all California state

13  prisoners who have been sentenced to a life term with possibility of parole for an offense that

14  occurred before November 4, 2008."  (<u>Gilman</u>, Doc. No. 340 (Apr. 25, 2011 Order amending

15  definition of class.))  The <u>Gilman</u> plaintiffs seek declaratory and injunctive relief, including a

16  permanent injunction enjoining the Board from enforcing the amendments to § 3041.5(b) enacted

17  by Marsy's Law and requiring that the Board conduct a new parole consideration hearing for

18  each member of the class.  (<u>Gilman</u>, Doc. No. 154–1 (Fourth Amended/Supplemental Complaint)

19  at 14.)

20          In a class action for injunctive relief certified under Rule 23(b)(2) of the Federal

21  Rules of Civil Procedure a court may, but is not required to, permit members to opt-out of the

22  suit.  <u>Crawford v. Honig</u>, 37 F.3d 485, 487 n.2 (9th Cir. 1994).  In certifying the <u>Gilman</u> class,

23  the district court found that the plaintiffs satisfied the requirement of Rules 23(a) and 23(b)(2)

24  that "the party opposing the class has acted or refused to act on grounds that apply generally to

25  the class, so that final injunctive relief or corresponding declaratory relief is appropriate

26  respecting the class as a whole."  (<u>See</u> <u>Gilman</u>, Doc. No. 182 (Mar. 4, 2009 Order certifying class

1   pursuant to Fed. R. Civ. P. 23(b)(2), Doc. No. 257 (June 3, 2010 Ninth Circuit Court of Appeals

2   Memorandum affirming district court's order certifying class.))  According to the district court in

3   Gilman, the members of the class "may not maintain a separate, individual suit for equitable

4   relief involving the same subject matter of the class action."  (Gilman, Doc. No. 296 (Dec.10,

5   2010 Order) at 2; see also Doc. No. 278 (Oct. 1, 2010 Order), Doc. No. 276 (Sept. 28, 2010

6   Order), Doc. No. 274 (Sept. 23, 2010 Order.))  There is no evidence before the court at this time

7   in this habeas action suggesting that petitioner has requested permission to opt out of the Gilman

8   class action lawsuit.

9           Rather, petitioner alleges he is a California state prisoner who was sentenced to a

10  life term in state prison with the possibility of parole for an offense that occurred before

11  November 4, 2008.  (Pet. at 1.)  Accepting petitioner's allegations as true, he is a member of the

12  Gilman class.  Similar to the plaintiffs in Gilman, petitioner in this habeas action alleges that

13  Marsy's Law violates the Ex Post Facto Clause because, when applied retroactively, it creates a

14  risk of increasing the length of his punishment.  Petitioner asks the court to issue a writ of habeas

15  corpus.  However, even if the court found that the Board's 2009 three-year deferral of petitioner's

16  next parole suitability hearing violated the Ex Post Facto Clause, it would not entitle petitioner to

17  release on parole.  Because his Ex Post Facto claim concerns only the timing of petitioner's next

18  parole suitability hearing, success on that claim would not necessarily result in determinations

19  that petitioner is suitable for release from custody on parole.  Rather, petitioner's equitable relief

20  would be limited to an order directing the Board to conduct a new parole suitability hearing and

21  enjoining the Board from enforcing against petitioner any provisions of Marsy's Law found to be

22  unconstitutional.  This is the same relief petitioner would be entitled to as a member of the

23  pending Gilman class action.  (See Gilman, Doc. No. 154–1 (Fourth Amended/Supplemental

24  Complaint) at 14.)

25          Therefore, it appears clear that petitioner's rights will be fully protected by his

26  participation as a class member in the Gilman case.  Accordingly, the court recommends that

11

1  petitioner's Ex Post Facto claim presented by him in this federal habeas action be dismissed

2  without prejudice to any relief that may be available to him as a member of the Gilman class.

3  See Crawford v. Bell, 599 F.2d 890, 892 (9th Cir. 1979) ("A court may choose not to exercise its

4  jurisdiction when another court having jurisdiction over the same matter has entertained it and

5  can achieve the same result."); see also McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991)

6  ("Individual suits for injunctive and equitable relief from alleged unconstitutional prison

7  conditions cannot be brought where there is an existing class action."); Gillespie v. Crawford,

8  858 F.2d 1101, 1103 (5th Cir.1988) ("To allow individual suits would interfere with the orderly

9  administration of the class action and risk inconsistent adjudications."); Johnson v. Parole Board,

10  No. CV 12–3756–GHK (CW), 2012 WL 3104867, at * (C.D. Cal. June 26, 2012)

11  (recommending dismissal of petitioner's Ex Post Facto challenge to Proposition 9 "without

12  prejudice in light of the ongoing Gilman class action.") (and cases cited therein), report and

13  recommendation adopted by 2012 WL 3104863 (C.D. Cal. July 25, 2012).

14  V.  Conclusion

15         Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for

16  a writ of habeas corpus be denied.

17         These findings and recommendations are submitted to the United States District

18  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

19  days after being served with these findings and recommendations, any party may file written

20  objections with the court and serve a copy on all parties.  Such a document should be captioned

21  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

22  shall be served and filed within fourteen days after service of the objections.  Failure to file

23  objections within the specified time may waive the right to appeal the District Court's order.

24  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

25  1991).

26  /////

1         In any objections he elects to file, petitioner may address whether a certificate of

2    appealability should issue in the event he files an appeal of the judgment in this case.  <u>See</u> Rule

3    11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a

4    certificate of appealability when it enters a final order adverse to the applicant); <u>Hayward v.</u>

5    <u>Marshall</u>, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of

6    appealability to review the denial of a habeas petition challenging an administrative decision

7    such as the denial of parole by the parole board).

8    DATED: October 1, 2012.

9

10                                                         _Dale A. Drozd_____

11                                            DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE

12   DAD:8:
     walker540.hc

13

14

15

16

17

18

19

20

21

22

23

24

25

26